IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

STANLEY N. ONYEDUM  
2312 Crossett Road  
Rosedale, Maryland 21237-1462  

    Plaintiff

Case No. 03-C-16-012786

v.

MRA SYSTEMS, INC.  
103 Chesapeake Park Plaza  
Baltimore, Maryland 21220-4201  
    Serve on:  
    The Corporation Trust Incorporated  
    351 West Camden Street  
    Baltimore, Maryland 21201  

    Defendant

JURY TRIAL DEMANDED



\* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

AND NOW COMES the Plaintiff, Stanley N. Onyedum (hereinafter called "Mr. Onyedum" or "Plaintiff") by and through his attorneys Temitope T. Odusami, Esq. and The Odusami Law Firm and sues MRA Systems, Inc. (hereinafter called "MRA" or "Defendant").

### JURISDICTION AND VENUE

1. That the Plaintiff currently resides in Baltimore County, Maryland at the address herein above stated.

2. That the Defendant currently is a limited liability law firm located in Baltimore County, Maryland at the address herein above stated.

3. That this Court has subject matter jurisdiction over this matter as the amount in controversy exceeds $30,000.



4. That this Court has personal jurisdiction over the Defendant because the Defendant is located in Baltimore County and the event that gave rise to this action arose in Baltimore County.

5. That venue is proper because the Defendant is located in Baltimore County and the event that gave rise to this action arose in Baltimore County.

## FACTS

The Plaintiff incorporates by reference herein all of the above paragraphs.

1. That at all times referred to herein, Plaintiff Stanley Onyedum, began working for MRA, on or about August 13, 2010.

2. Upon information and belief, MRA is a division of GE Aviation, a major defense contractor, with its headquarters located in Evendale, Ohio.

3. That Defendant is a Corporation, licensed and authorized to do business in the State of Maryland.

4. That the Plaintiff last worked for MRA on or about September 22, 2014, before quitting under the following circumstances, as fully set forth herein below, and as recited by the Maryland Department of Labor, Licensing and Regulation, Division of Appeals.

5. That at the time Plaintiff quit his position at MRA, Plaintiff was employed as an assembler.

6. That at the time Plaintiff was hired, plaintiff worked amicably with his co-workers, until a coworker – named Gary Jones, who sat next to the Plaintiff started annoying the Plaintiff by slamming his desk drawer on a continual basis.

7. That after Plaintiff complained about Mr. Jones' actions, Mr. Jones escalated his offensive actions, among other things, slamming the drawer louder and more frequently, but did so when there were no witnesses around.

8. That when Plaintiff voiced his objection to this behavior directly to Mr. Jones, Mr. Jones replied that MRA "needed to get the niggers out of here." Plaintiff is an African-American.

9. That Plaintiff complained to human resources and to his supervisor about Mr. Jones's behavior and comments but MRA continually failed or otherwise refused to intercede on Plaintiff's behalf.

10. That Mr. Jones offensive behavior towards Plaintiff escalated to physical assaults against Plaintiff, at one point even hitting the Plaintiff on his head.

11. That eventually, Plaintiff, frustrated at the escalating behaviors of Mr. Jones, combined with MRA's inaction, opted to quit the job.

12. Plaintiff applied for unemployment, and eventually the matter went on appeal to the Maryland Department of Labor, Licensing and Regulation, Division of Appeals.

13. In an Opinion dated November 20, 2014, the Maryland Department of Labor, Licensing and Regulation, Division of Appeals ruled in favor of the Plaintiff and recited the facts herein stated.

14. That Defendant MRA did not appeal the Findings of Facts and the Conclusions of Law of the Maryland Department of Labor, Licensing and Regulation, Division of Appeals.

15. That Plaintiff filed a timely Charge of Discrimination with the United States Equal Employment Opportunity Commission. The EEOC issued its Dismissal and Notice of Right to Sue on September 30, 2016.

## COUNT I
## ASSAULT

16. Plaintiff hereby incorporates by reference all the other paragraphs of this Complaint as though fully restated herein.

17. That, as found by the Maryland Department of Labor, Licensing and Regulation, Division of Appeals, Plaintiff was in constant fear of imminent physical harm by Plaintiff's employee, Mr. Jones who possessed the apparent present ability to carry out that threat.

18. That, as found by the Maryland Department of Labor, Licensing and Regulation, Division of Appeals, Mr. Jones was slamming his desk drawer on a continual basis to annoy and frighten the Plaintiff.

19. That, as found by the Maryland Department of Labor, Licensing and Regulation, Division of Appeals, Mr. Jones added physical assaults to his repertoire, at one point even hitting the Plaintiff on his head.

20. Defendant failed to restrain its employee, Mr. Jones, from assaulting the Plaintiff.

21. As a result of Mr. Jones and the Defendant's conducts and actions, Plaintiff has suffered and will continue to suffer severe mental anguish, medical and other related expenses, and loss of income.

WHEREFORE, Plaintiff Stanley N. Onyedum demands judgment against Defendant MRA Systems, Inc. for the sum exceeding $75,000 in compensatory damages and five times the amount of compensatory damages as punitive damages, with interest and cost.

## COUNT II
## BATTERY

22. Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as though fully restated herein.

23. That, as found by the Maryland Department of Labor, Licensing and Regulation, Division of Appeals, Mr. Jones stated that MRA "needed to get the niggers out of here." Plaintiff is an African-American.

24. That, as found by the Maryland Department of Labor, Licensing and Regulation, Division of Appeals, Mr. Jones physically hit Plaintiff on his head.

4

25. Defendant's employee's conduct constitutes an intentional touching, or in the alternative, the setting in motion of an event, which resulted in the offensive, non-consensual touching of the Plaintiff, and was undertaking deliberately and with actual malice.

26. Defendant failed to restrain its employee, Mr. Jones from assaulting the Plaintiff.

27. As a result of Mr. Jones and the Defendant's conducts and actions, Plaintiff has suffered and will continue to suffer substantial damages, including but not limited to, extreme and permanent pain and suffering, permanent and debilitating injury to his head, humiliation, mental distress, and monetary loss.

WHEREFORE, Plaintiff Stanley N. Onyedum demands judgment against Defendant MRA Systems, Inc. for the sum exceeding $75,000 in compensatory damages and five times the amount of compensatory damages as punitive damages, with interest and cost.

## COUNT III

## NEGLIGENT HIRING SUPERVISION AND RETENTION

28. Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as though fully restated herein.

29. That as found by the Maryland Department of Labor, Defendant hired Gary Jones, who sat next to the Plaintiff.

30. That as found by the Maryland Department of Labor, Mr. Jones started annoying the Plaintiff by slamming his desk drawer on a continual basis.

31. That as found by the Maryland Department of Labor, after Plaintiff complained about Mr. Jones' actions, Mr. Jones escalated his offensive actions, by and among other things, slamming the drawer louder and more frequently, but did so when there were no witnesses around.

32. That as found by the Maryland Department of Labor, when Plaintiff voiced his objection to this behavior directly to Mr. Jones, Mr. Jones replied that MRA "needed to get the niggers out of here." Plaintiff is an African-American.

33. That as found by the Maryland Department of Labor, Plaintiff complained to human resources and to his supervisor about Mr. Jones's behavior and comments but MRA continually failed or otherwise refused to intercede on Plaintiff's behalf.

34. That, as found by the Maryland Department of Labor, meanwhile, Mr. Jones added physical assaults to his repertoire, at one point even hitting the Plaintiff on his head without provocation or warning.

35. Defendant MRA had a duty to use reasonable care to select an employee who does not discriminate on the basis of color and national origin. Defendant MRA has actual knowledge of Mr. Jones' conduct and did nothing to stop it.

36. That a reasonable and prudent employer would not have ignored Mr. Jones' intimidating and violent behavior. Defendant MRA knew, and was in fact told by the Plaintiff that Mr. Jones was assaulting him and is likely to batter him. Therefore, Defendant MRA owed such a duty to Plaintiff, and such duty was breached.

37. Because the Plaintiff informed Defendant MRA numerous times about Mr. Jones' violent behavior, the likelihood that Mr. Jones would hit the Plaintiff was foreseeable.

38. Defendant MRA breached its duty to the Plaintiff by failing to supervise Mr. Jones and by retaining Mr. Jones as an employee.

39. As a result of Defendant MRA's negligent hiring, supervision and retaining Mr. Jones, Plaintiff was assaulted and physically battered, as found by the Maryland Department of Labor.

WHEREFORE, Plaintiff Stanley N. Onyedum demands judgment against Defendant MRA Systems, Inc. for the sum exceeding $75,000 in compensatory damages and an amount five times the amount of compensatory damages as punitive damages, with interest and cost.

## COUNT IV
## WRONGFUL DISCHARGE

40. Plaintiff hereby incorporates by reference all the other paragraphs of this Complaint as though fully restated herein.

41. That Plaintiff began working for MRA, on or about August 13, 2010.

42. That the Plaintiff last worked for MRA on or about September 22, 2014, before quitting after he was assaulted and battered by Mr. Jones.

43. That at the time of separation, Plaintiff was working as an assembler.

44. That at the time Plaintiff was hired, plaintiff worked amicably with his co-workers, until a coworker – named Gary Jones, who sat next to the Plaintiff started annoying the Plaintiff by slamming his desk drawer on a continual basis.

45. That after Plaintiff complained about Mr. Jones' actions, Mr. Jones escalated his offensive actions, by and among other things, slamming the drawer louder and more frequently, but did so when there were no witnesses around.

46. That when Plaintiff voiced his objection to this behavior directly to Mr. Jones, Mr. Jones replied that MRA "needed to get the niggers out of here." Plaintiff is an African-American.

47. That Plaintiff complained to human resources and to his supervisor about Mr. Jones's behavior and comments, but MRA continually failed or otherwise refused to intercede on Plaintiff's behalf.

48. That, meanwhile, Mr. Jones added physical assaults to his repertoire, at one point even hitting the Plaintiff on his head.

49. That eventually, the claimant, frustrated at the escalating behaviors of Mr. Jones, combined with MRA's inaction, opted to quit the job, as Maryland Department of Labor, Licensing and Regulation, Division of Appeals who awarded him unemployment benefits which Defendant MRA did not appeal.

50. The actions of Defendant MRA constitutes a constructive discharge, therefore, it is a wrongful discharge.

51. The avowed public policy of the State of Maryland is for employers to treat their workers in a nondiscriminatory manner, and to foster non-hostile work environment.

52. That Defendant MRA's repeated failure to intercede and curb Mr. Jones' assault and battery of the Plaintiff was deliberate, malicious, willful, and intentionally calculated to inflict harm upon the Plaintiff.

53. That as a result of Defendant MRA's wrongful termination of the Plaintiff, he has been left without adequate employment, deprived of the annual income he made at MRA, suffer damages to his reputation and has otherwise been damaged.

WHEREFORE, Plaintiff Stanley N. Onyedum demands judgment against Defendant MRA Systems, Inc. for the sum exceeding $75,000 in compensatory damages and an amount five times the amount of compensatory damages as punitive damages, with interest and cost.

## COUNT V

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

54. Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as though fully restated herein.

55. That Plaintiff began working for MRA, on or about August 13, 2010.

56. That the Plaintiff last worked for MRA on or about September 22, 2014, before quitting after he was assaulted and battered by Mr. Jones.

57. That at the time of the Plaintiff quit his position at MRA, Plaintiff was working as an assembler.

58. That at the time Plaintiff was hired, plaintiff worked amicably with his co-workers, until a coworker – named Gary Jones, who sat next to the Plaintiff started annoying the Plaintiff by slamming his desk drawer on a continual basis.

59. That after Plaintiff complained about Mr. Jones' actions, Mr. Jones escalated his offensive actions, by and among other things, slamming the drawer louder and more frequently, but did so when there were no witnesses around.

60. That when Plaintiff voiced his objection to this behavior directly to Mr. Jones, Mr. Jones replied that MRA "needed to get the niggers out of here." Plaintiff is an African-American.

61. That Plaintiff complained to human resources and to his supervisor about Mr. Jones's behavior and comments, but MRA continually failed or otherwise refused to intercede on Plaintiff's behalf.

62. That, meanwhile, Mr. Jones added physical assaults to his repertoire, at one point even hitting the Plaintiff on his head.

63. That eventually, the claimant, frustrated at the escalating behaviors of Mr. Jones, combined with MRA's inaction, opted to quit the job, as Maryland Department of Labor, Licensing and Regulation, Division of Appeals who awarded him unemployment benefits which Defendant MRA did not appeal.

64. Defendant's conduct was intentional, reckless, and in deliberate disregard of a high degree of probability that emotional distress would result to the Plaintiff.

65. The aforesaid conduct by Defendant's employee was extreme and outrageous and beyond the bounds of decency in society.

66. The Defendant and its employee's conducts were malicious, willful, and intentional.

67. As a result of the aforesaid conduct and actions, Plaintiff has suffered and will continue to suffer, sever and extreme emotional distress.

WHEREFORE, Plaintiff Stanley N. Onyedum demands judgment against Defendant MRA Systems, Inc. for the sum exceeding $75,000 in compensatory damages and an amount five times the amount of compensatory damages as punitive damages, with interest and cost.

## JURY TRIAL DEMANDED

Plaintiff Stanley N. Onyedum hereby requests a jury trial on all questions of fact raised by his complaint.

Respectfully submitted,

Temitope T. Odusami, Esq.
THE ODUSAMI LAW FIRM
5425 Wisconsin Ave., Suite 600
Chevy Chase, MD 20815
T: (301) 364-7271
E: temi@odusamilaw.com
*Attorney for Plaintiff*

## Verification

I, Stanley Onyedum, hereby verify that the information herein are true and correct to the best of my knowledge, information or recollection.

_____
Stanley Onyedum



IN THE CIRCUIT COURT FOR BALTIMORE COUNTY
(City or County)

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

### DIRECTIONS

*Plaintiff*: This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).

*Defendant*: You must file an Information Report as required by Rule 2-323(h).

***THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING***

FORM FILED BY: ☒ PLAINTIFF ☐ DEFENDANT   CASE NUMBER: 03-C-16-12786 (Clerk to insert)

CASE NAME: ONYEDUM vs. MRA SYSTEMS, INC.
                  Plaintiff                              Defendant

PARTY'S NAME: STANLEY ONYEDUM

PARTY'S ADDRESS: 231 Crossett Road, Rosedale MD 21237   PHONE: _____ (Daytime phone)

PARTY'S E-MAIL: _____

If represented by an attorney:

PARTY'S ATTORNEY'S NAME: TEMITOPE T. ODUSAMI   PHONE: (301) 364-7271

PARTY'S ATTORNEY'S ADDRESS: 5425 WISCONSIN AVE, SUITE 600, CHEVY CHASE MD 20815

PARTY'S ATTORNEY'S E-MAIL: temi@tfpartnerspc.com

JURY DEMAND?   ☒ Yes ☐ No

RELATED CASE PENDING? ☐ Yes ☒ No   If yes, Case #(s), if known: _____

ANTICIPATED LENGTH OF TRIAL: __ hours or __2__ days

### PLEADING TYPE

New Case:   ☒ Original   ☐ Administrative Appeal   ☐ Appeal
Existing Case:   ☐ Post-Judgment   ☐ Amendment

*If filing in an existing case*, skip Case Category/Subcategory section - go to Relief section.

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (Check one box.)

**TORTS**
- ☐ Asbestos
- ☐ Assault and Battery
- ☐ Business and Commercial
- ☐ Conspiracy
- ☐ Conversion
- ☐ Defamation
- ☐ False Arrest/Imprisonment
- ☐ Fraud
- ☐ Lead Paint - DOB of Youngest Plt: _____
- ☐ Loss of Consortium
- ☐ Malicious Prosecution
- ☐ Malpractice-Medical
- ☐ Malpractice-Professional
- ☐ Misrepresentation
- ☐ Motor Tort
- ☒ Negligence
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability
- ☐ Specific Performance
- ☐ Toxic Tort
- ☐ Trespass
- ☐ Wrongful Death

**CONTRACT**
- ☐ Asbestos
- ☐ Breach
- ☐ Business and Commercial
- ☐ Confessed Judgment (Cont'd)
- ☐ Construction
- ☐ Debt
- ☐ Fraud

- ☐ Government
- ☐ Insurance
- ☐ Product Liability

**PROPERTY**
- ☐ Adverse Possession
- ☐ Breach of Lease
- ☐ Detinue
- ☐ Distress/Distrain
- ☐ Ejectment
- ☐ Forcible Entry/Detainer
- ☐ Foreclosure
  - ☐ Commercial
  - ☐ Residential
  - ☐ Currency or Vehicle
  - ☐ Deed of Trust
  - ☐ Land Installments
  - ☐ Lien
  - ☐ Mortgage
  - ☐ Right of Redemption
  - ☐ Statement Condo
- ☐ Forfeiture of Property / Personal Item
- ☐ Fraudulent Conveyance
- ☐ Landlord-Tenant
- ☐ Lis Pendens
- ☐ Mechanic's Lien
- ☐ Ownership
- ☐ Partition/Sale in Lieu
- ☐ Quiet Title
- ☐ Rent Escrow
- ☐ Return of Seized Property
- ☐ Right of Redemption
- ☐ Tenant Holding Over

**PUBLIC LAW**
- ☐ Attorney Grievance
- ☐ Bond Forfeiture Remission
- ☐ Civil Rights
- ☐ County/Mncpl Code/Ord
- ☐ Election Law
- ☐ Eminent Domain/Condemn.
- ☐ Environment
- ☐ Error Coram Nobis
- ☐ Habeas Corpus
- ☐ Mandamus
- ☐ Prisoner Rights
- ☐ Public Info. Act Records
- ☐ Quarantine/Isolation
- ☐ Writ of Certiorari

**EMPLOYMENT**
- ☐ ADA
- ☐ Conspiracy
- ☐ EEO/HR
- ☐ FLSA
- ☐ FMLA
- ☐ Workers' Compensation
- ☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
- ☐ Assumption of Jurisdiction
- ☐ Authorized Sale
- ☐ Attorney Appointment
- ☐ Body Attachment Issuance
- ☐ Commission Issuance

- ☐ Constructive Trust
- ☐ Contempt
- ☐ Deposition Notice
- ☐ Dist Ct Mtn Appeal
- ☐ Financial
- ☐ Grand Jury/Petit Jury
- ☐ Miscellaneous
- ☐ Perpetuate Testimony/Evidence
- ☐ Prod. of Documents Req.
- ☐ Receivership
- ☐ Sentence Transfer
- ☐ Set Aside Deed
- ☐ Special Adm. - Atty
- ☐ Subpoena Issue/Quash
- ☐ Trust Established
- ☐ Trustee Substitution/Removal
- ☐ Witness Appearance-Compel

**PEACE ORDER**
- ☐ Peace Order

**EQUITY**
- ☐ Declaratory Judgment
- ☐ Equitable Relief
- ☐ Injunctive Relief
- ☐ Mandamus

**OTHER**
- ☐ Accounting
- ☐ Friendly Suit
- ☐ Grantor in Possession
- ☐ Maryland Insurance Administration
- ☐ Miscellaneous
- ☐ Specific Transaction
- ☐ Structured Settlements

| IF NEW OR EXISTING CASE: RELIEF (Check All that Apply) | | | |
|---|---|---|---|
| ☐ Abatement | ☐ Earnings Withholding | ☐ Judgment-Interest | ☐ Return of Property |
| ☐ Administrative Action | ☐ Enrollment | ☐ Judgment-Summary | ☐ Sale of Property |
| ☐ Appointment of Receiver | ☐ Expungement | ☐ Liability | ☐ Specific Performance |
| ☐ Arbitration | ☐ Findings of Fact | ☐ Oral Examination | ☐ Writ-Error Coram Nobis |
| ☐ Asset Determination | ☐ Foreclosure | ☐ Order | ☐ Writ-Execution |
| ☐ Attachment b/f Judgment | ☐ Injunction | ☐ Ownership of Property | ☐ Writ-Garnish Property |
| ☐ Cease & Desist Order | ☐ Judgment-Affidavit | ☐ Partition of Property | ☐ Writ-Garnish Wages |
| ☐ Condemn Bldg | ☐ Judgment-Attorney Fees | ☐ Peace Order | ☐ Writ-Habeas Corpus |
| ☐ Contempt | ☐ Judgment-Confessed | ☐ Possession | ☐ Writ-Mandamus |
| ☐ Court Costs/Fees | ☐ Judgment-Consent | ☐ Production of Records | ☐ Writ-Possession |
| ☐ Damages-Compensatory | ☐ Judgment-Declaratory | ☐ Quarantine/Isolation Order | |
| ☐ Damages-Punitive | ☐ Judgment-Default | ☐ Reinstatement of Employment | |

*If you indicated Liability above*, mark one of the following. This information is *not* an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.   ☐ Liability is not conceded, but is not seriously in dispute.   ☐ Liability is seriously in dispute.

| MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs) |
|---|
| ☐ Under $10,000      ☐ $10,000 - $30,000      ☐ $30,000 - $100,000      ☒ Over $100,000 |
| ☐ Medical Bills $_____      ☐ Wage Loss $_____      ☐ Property Damages $_____ |

| ALTERNATIVE DISPUTE RESOLUTION INFORMATION |
|---|
| Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply) |
| A. Mediation      ☒ Yes ☐ No          C. Settlement Conference   ☒ Yes ☐ No |
| B. Arbitration     ☒ Yes ☐ No          D. Neutral Evaluation      ☐ Yes ☐ No |

| SPECIAL REQUIREMENTS |
|---|
| ☐ If a Spoken Language Interpreter is needed, check here and attach form CC-DC-041 |
| ☐ If you require an accommodation for a disability under the Americans with Disabilities Act, check here and attach form CC-DC-049 |

| ESTIMATED LENGTH OF TRIAL |
|---|
| With the exception of Baltimore County and Baltimore City, please fill in the estimated LENGTH OF TRIAL. *(Case will be tracked accordingly)* |
| ☐ 1/2 day of trial or less          ☐ 3 days of trial time |
| ☐ 1 day of trial time               ☐ More than 3 days of trial time |
| ☐ 2 days of trial time |

| BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM |
|---|
| *For all jurisdictions, if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.* |
| ☐ **Expedited** - Trial within 7 months          ☐ **Standard** - Trial within 18 months of |
|       of Defendant's response                          Defendant's response |
| EMERGENCY RELIEF REQUESTED |

| COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR) |
|---|
| *FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*<br><br>☐ **Expedited** - Trial within 7 months of Defendant's response    ☐ **Standard** - Trial within 18 months of Defendant's response |
| *IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.* |
| **CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)** |
| ☐ Expedited — Trial 60 to 120 days from notice. Non-jury matters.<br>☐ Civil-Short — Trial 210 days from first answer.<br>☐ Civil-Standard — Trial 360 days from first answer.<br>☐ Custom — Scheduling order entered by individual judge.<br>☐ Asbestos — Special scheduling order.<br>☐ Lead Paint — Fill in: Birth Date of youngest plaintiff _____.<br>☐ Tax Sale Foreclosures — Special scheduling order.<br>☐ Mortgage Foreclosures — No scheduling order. |
| **CIRCUIT COURT FOR BALTIMORE COUNTY** |
| ☐ Expedited (Trial Date-90 days) — Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus.<br>☒ Standard (Trial Date-240 days) — Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases.<br>☐ Extended Standard (Trial Date-345 days) — Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency.<br>☐ Complex (Trial Date-450 days) — Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

| 12/16/2016 | | Signature of Counsel / Party |
|---|---|---|
| Date | | TEMITOPE T. ODUSAMI |
| 5425 WISCONSIN AVE., SUITE 600 | | Printed Name |
| Address | | |
| CHEVY CHASE, MD 20815 | | |
| City, State, Zip | | |