UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| STANLEY N. ONYEDUM, ) | |
| ) | Case No. 1:17-cv-02636-ELH |
| Plaintiff, ) | |
| ) | Judge Ellen L. Hollander |
| -v- ) | |
| ) | |
| MRA SYSTEMS, INC., ) | ANSWER |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

Defendant MRA Systems, LLC, incorrectly identified in Plaintiff's Complaint and Jury Demand ("Complaint") as MRA Systems, Inc. ("Defendant"), hereby submits its Answer to the Complaint filed by Plaintiff Stanley N. Onyedum ("Plaintiff") and states as follows:

1. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and, therefore, denies all such allegations.

2. Defendant admits MRA Systems, LLC is located at 103 Chesapeake Park Plaza, Baltimore, Maryland. Defendant denies the remaining allegations contained in Paragraph 2 of the Complaint.

3. Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4. Defendant admits the allegations contained in Paragraph 4 of the Complaint..

5. Defendant admits the allegations contained in Paragraph 5 of the Complaint.

## FACTS

Defendant incorporates herein its responses to Paragraphs 1-5 as if fully restated herein.

1. Defendant admits the allegations contained in Paragraph 1 of the Complaint.

2. Defendant denies the allegations contained in Paragraph 2 of the Complaint.

3. Defendant denies it is a corporation, but admits the remaining allegations contained in Paragraph 3 of the Complaint.

4. Defendant admits Plaintiff last worked for MRA System on or about September 22, 2014 before quitting, but denies the remaining allegations contained in Paragraph 4 of the Complaint.

5. Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6. Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7. Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8. Defendant admits Plaintiff is an African-American, but denies the remaining allegations contained in Paragraph 8 of the Complaint.

9. Defendant admits Plaintiff complained about some of Mr. Jones's alleged behavior and comments, but denies the remaining allegations contained in Paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant admits Plaintiff quit his job, but denies the remaining allegations contained in Paragraph 11 of the Complaint.

12. Defendant admits the allegations contained in Paragraph 12 of the Complaint.

13. Defendant admits the Maryland Department of Labor, Licensing and Regulation, Division of Appeals granted Plaintiff unemployment benefits on or about November 20, 2014 and recited some of the alleged facts contained in Plaintiff's Complaint. Defendant denies the remaining allegations contained in Paragraph 13 of the Complaint.

14. Defendant admits the allegations contained in Paragraph 14 of the Complaint.

15. Defendant admits Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission and admits the EEOC issued its Dismissal and Notice of Right to Sue on September 30, 2016, but denies the remaining allegations contained in Paragraph 15 of the Complaint.

## COUNT I
## ASSAULT

16. Defendant incorporates herein its responses to Paragraphs 1-15 above as if fully restated herein.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

## COUNT II
## BATTERY

22. Defendant incorporates herein its responses to Paragraphs 1-21 above as if fully restated herein.

23. Defendant admits Plaintiff is an African-American, but denies the remaining allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

## COUNT III
## NEGLIGENT HIRING SUPERVISION AND RETENTION

28. Defendant incorporates herein its responses to Paragraphs 1-27 above as if fully restated herein.

29. Defendant admits the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant admits Plaintiff is an African-American, but denies the remaining allegations contained in Paragraph 32 of the Complaint.

33. Defendant admits Plaintiff complained about some of Mr. Jones's alleged behavior and comments, but denies the remaining allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies it had actual knowledge of Mr. Jones's alleged conduct and did nothing to stop it. The remaining allegations contained in Paragraph 35 of the Complaint call for a legal conclusion and, therefore, do not require an answer.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

## COUNT IV
## WRONGFUL DISCHARGE

40. Defendant incorporates herein its responses to Paragraphs 1-39 above as if fully restated herein.

41. Defendant admits the allegations contained in Paragraph 41 of the Complaint.

42. Defendant admits Plaintiff last worked for MRA Systems on or about September 22, 2014 before quitting, but denies the remaining allegations contained in Paragraph 42 of the Complaint.

43. Defendant admits the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Defendant admits Plaintiff is an African-American, but denies the remaining allegations contained in Paragraph 46 of the Complaint.

47. Defendant admits Plaintiff complained about some of Mr. Jones's alleged behavior and comments, but denies the remaining allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49. Defendant admits Plaintiff quit his job and admits the Maryland Department of Labor, Licensing and Regulation, Division of Appeals awarded him unemployment benefits, which Defendant did not appeal. Defendant denies the remaining allegations contained in Paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51. Paragraph 51 calls for a legal conclusion and, therefore, no answer is required.

52. Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

54. Defendant incorporates herein its responses to Paragraphs 1-53 above as if fully restated herein.

55. Defendant admits the allegations contained in Paragraph 55 of the Complaint.

56. Defendant admits Plaintiff last worked for MRA Systems on or about September 22, 2104 before quitting, but denies the remaining allegations contained in Paragraph 56 of the Complaint.

57. Defendant admits the allegations contained in Paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60. Defendant admits Plaintiff is an African-American, but denies the remaining allegations contained in Paragraph 60 of the Complaint.

61. Defendant admits Plaintiff complained about some of Mr. Jones's alleged behavior and comments, but denies the remaining allegations contained in Paragraph 61 of the Complaint.

62. Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63. Defendant admits Plaintiff quit his job and admits the Maryland Department of Labor, Licensing and Regulation, Division of Appeals awarded him unemployment benefits, which Defendant did not appeal. Defendant denies the remaining allegations contained in Paragraph 63 of the Complaint.

64. Defendant denies the allegations contained in Paragraph 64 of the Complaint.

65. Defendant denies the allegations contained in Paragraph 65 of the Complaint.

66. Defendant denies the allegations contained in Paragraph 66 of the Complaint.

67. Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68. In response to Plaintiff's demand for judgment and damages, Defendant denies Plaintiff is entitled to the relief he seeks or to any relief whatsoever.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

2. Plaintiff's claims fail to the extent Plaintiff has failed to exhaust available administrative and/or contractual remedies and/or satisfy any pre-requisites to suit.

3. Plaintiff's claims fail to the extent they are barred by the applicable statutes of limitations and/or laches.

4. Plaintiff is barred from recovering damages against Defendant to the extent he has failed to mitigate his damages, if any.

5. Plaintiff's claims fail to the extent they are barred by the doctrines of waiver, unclean hands, and/or estoppel, including judicial estoppel.

6. Plaintiff's available statutory remedies preempt the employee's common law causes of action and, thus, Plaintiff is barred from maintaining this lawsuit.

7. If Plaintiff suffered damages, as alleged in the Complaint, his damages were caused by Plaintiff's own supervening acts.

8. Plaintiff's action is not actionable against this Defendant, and he has brought his action knowing it to be without merit.

9. Defendant incorporates by reference all other defenses available to it under federal, state, and/or local law.

10. Defendant's Answer and defenses are based upon the specific allegations in the Complaint, and Defendant reserves the right to amend its Answer to assert any and all defenses, including affirmative defenses, that become known during the course of this litigation.

WHEREFORE, Defendant MRA Systems, LLC, having fully answered Plaintiff's Complaint, respectfully requests that Plaintiff's Complaint be dismissed with prejudice and that judgment be entered in its favor along with reasonable costs and attorneys' fees and all other relief in law and equity that this Court deems appropriate.

Respectfully submitted,

/s/
Christina Bolmarcich (Federal Bar No. 27772)
Imran O. Shaukat (Federal Bar No. 30134)
Semmes, Bowen & Semmes
25 S. Charles Street, Suite 1400
Baltimore, MD  21201
Phone:  410.576.4883
Fax:  410.539.5223
cbolmarcich@semmes.com
ishaukat@semmes.com

- and -

/s/
Kasey L. Bond
(Motion for *pro hac* admission to be filed)
Keating Muething & Klekamp PLL
One East Fourth Street, Suite 1400
Cincinnati, Ohio 45202
Phone:  (513) 579-6491
Fax:  (513) 579-6457
kbond@kmklaw.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the *15th* day of *September*, 2017, a copy of the foregoing was filed and served electronically via this Court's Electronic Case Filing System ("ECF") and served via regular U.S. Mail, postage prepaid, upon:

Temitope T. Odusami, Esq.
THE ODUSAMI LAW FIRM
5425 Wisconsin Avenue, Suite 600
Chevy Chase, MD  20815

/s/
Christina Bolmarcich

7852711.1